## FOPPES et al. v. UNITED STATES.

(Circuit Court, S. D. New York. February 6, 1896.)

No. 1,732.

CUSTOMS DUTIES—CLASSIFICATION—RATTAN STICKS FOR WHIP HANDLES.

Rattan sticks for whip handles, painted, polished, and nearly completed, were dutiable as "manufactures of wood," under paragraph 230 of the act of 1890, and not as "reeds, wrought or manufactured from rattans or reeds," under paragraph 229. In re Foppes, 56 Fed. 817, followed.

Appeal by Foppes & Partisch, importers, from a decision of the board of general appraisers which sustained the classification of the collector of the merchandise in question.

The merchandise in controversy consisted of rattan sticks for whip handles, which were painted, polished, and nearly completed. They were assessed by the collector for duty at 35 per cent. ad valorem, under paragraph 230 of the act of 1890, as "manufactures of wood" not specially provided for. The importers protested, claiming that the goods were dutiable at 10 per cent. ad valorem as "reeds, wrought or manufactured from rattans or reeds," under paragraph 229. They further claimed that the goods were articles manufactured in whole or in part, not specially provided for, and if not dutiable under paragraph 229, should be assessed at 20 per cent. ad valorem, under section 4 of the act of 1890.

Stephen G. Clarke, for importers.

J. T. Van Rensselaer, Asst. U. S. Atty.

COXE, District Judge (orally). The question here involves the construction of paragraph 229 of the tariff act of 1890. It is admitted that it is not confined to chair reeds, but that it covers other reeds as well. The contention of the importers is that it covers not only commercial reeds, but commercial reeds which have been wrought or manufactured. It seems to me that there is considerable force in this contention, that the language of the paragraph not only covers a crude reed, but a reed which has been manufactured or advanced to a certain extent beyond the crude form provided it be still a reed, in short, a manufactured reed. The precise question is, however, res judicata in this court. In the Case of Foppes, reported in 56 Fed. 817, the issue depended between these parties, and, as I read the statement of facts, the dispute related to articles precisely similar to those involved in this controversy. The construction put upon the paragraph is that it refers to chair reeds and other reeds known commercially as reeds, and that whipstocks, fishing rods, and such articles, which have been advanced from the commercial reed, by a process of manufacture, cease to be reeds. That decision is conclusive upon this court. The decision of the board of appraisers is affirmed.